PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2009 Mazda 3 struck a rock on WV Route 131, locally designated Saltwell Road, in Shinnston, Harrison County. Route 131 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 9:45 p.m. on December 8,2009. WV Route 131 is a two-lane paved road with one lane for traffic in each direction. At the time of the incident, Claimant Kimberly Fetty was driving home from her mother’s house. Ms. Fetty stated that it was a dark night with fog and rain. Ms. Fetty testified that she was driving up an incline near the end of Route 131 when she observed what she believed to be a brown paper bag in the road in her right lane. In fact the “paper bag” was a large rock, which her van struck. Ms. Fetty stated that she would have attempted to avoid striking the object if she had known it was a rock. Ms. Fetty stated that there was no on coming traffic in the opposite lane. Claimant drives this road frequently and could not recall seeing rocks in the road before the incident.
As a result of the incident, Claimant’s van sustained damage to the right front wheel and tire in the amount of $7,213.89. Since Claimant had an insurance deductible of $500.00, any recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the rock on WV Route 131. David Cava, Highway Administrator for Respondent in Harrison County, testified that he is familiar with WV Route 131 and stated that at the location of Claimant’s incident there is a high rock wall. Mr. Cava testified that Respondent is aware of the potential for rock falls on Route 131 and attempted to warn drivers by erecting “falling rock” signs. Mr. Cava stated that the signs were installed prior to December 2009. Mr. Cava stated that he could only recall two instances in the last four years when Respondent’s crews were sent to remove rocks for the road, and that Respondent was not notified about the rock in question before the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). To hold Respondent liable, Claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that Respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Cobum v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the instant case, Claimant has not established that Respondent failed to take adequate measures to protect the safety of the traveling public on Route 131. Respondent placed “falling rock” signs to warn the traveling public of the potential for rock falls at this location. Although the rock created a dangerous condition on the *235 road, there is no evidence that Respondent had notice of this hazard. While the Court is sympathetic to the Claimant’s plight, the fact remains that there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein above, it is the Court is of the opinion to and does deny this claim.
Claim Disallowed.